## GOUGH v. CASANAS.

### No. 13048.

United States Court of Appeals Fifth Circuit.

May 12, 1950.

Rehearing Denied June 7, 1950.

Van Buren Harris, New Orleans, La., for appellant.

Henry G. Neyrey, Jr., New Orleans, La., for appellee.

Before HUTCHESON, Chief Judge, and McCORD and WALLER, Circuit Judge.

PER CURIAM.

Appellant is the transferee of the assets of The State Realty Co., Inc., bankrupt.

Appellee is the state court receiver of the same company.

The order appealed from was one denying the issuance of a contempt order as prayed in "the rule to show cause why B. C. Casanas should not be certified for contempt", issued on appellant's application.

The claim for the rule was that appellee, the state court receiver for many years prior to the filing of the bankruptcy proceeding, though required, by Sec. 69, sub. d of the Bankruptcy Act, 11 U.S.C.A. § 109, sub. d, and by order of November 12, 1947, entered in the bankruptcy proceeding, to account to the bankruptcy court, had failed to do so.

Appellee filed an answer purporting to make a full accounting, and showing: that the furniture, for which claim was filed, had been disposed of many years before; and that the moneys referred to in the claim had been expended by him, under state court order, before the company had been adjudged bankrupt.

After a hearing, in which full evidence[1] was taken, the referee, concluding that a satisfactory accounting had been made, that appellee was not in contempt of the bankruptcy court, and that if appellant had any cause of action against appellee, he should pursue it elsewhere and not by contempt proceedings, denied the relief prayed for in the show cause application.

On certification, the district judge sustained the position of appellee that the bankruptcy and the chapter 10 proceedings were not continuous, and that appellee was not responsible to the bankruptcy court for what he did between April, 1946, and Jan. 20, 1947. In addition, he sustained the referee's findings that there was no basis in

---

1. This showed without substantial dispute: that State Realty Co., Inc., was a corporation with two stockholders, appellant Gough and one D. D. Moore;

that in 1929 State Realty Co., Inc. was placed in receivership in the state court, and appellee was appointed receiver;

that a friendly receivership at first and for many years after the appointment, it later on became unfriendly;

that out of the controversy developing therefrom, two bankruptcy proceedings had come;

that one of these, a chapter 10 proceeding, filed April 15, 1946, was dismissed on Jan. 17, 1947, for lack of good faith, and three days later, on Jan. 20, 1947, the company was put into bankruptcy;

that the furniture referred to in the complaint was furniture on hand at the time the corporation was put in receivership in 1929;

that some of it did not belong to the corporation;

that this part of it was released in Dec. 1929 to its real owner, Mr. Wogan;

that as to the balance of it, it was of small value and during the 20 years of the receivership, it had either been turned over in payment of rent or for some other proper reason;

that the receiver himself had no personal knowledge of the corporation ever owning any furniture; and

that neither of the two stockholders ever urged the receiver to take an inventory of it;

that the five hundred and odd dollars mentioned in the petition had been paid out for taxes and other proper charges under the order of the state court.

fact for a contempt order, and entered his order affirming those findings and the order denying relief, and appellant is here seeking to set that order aside.

While we reject appellee's claim, for which he cites Wingert v. Kieffer, 4 Cir., 29. F.2d 59, that the order appealed from was entered in a criminal contempt proceeding and is, therefore, not appealable, we agree with him that it may not be reversed. It was for the referee and the district judge to determine whether there was any substantial basis in the evidence for the issuance of the contempt order. The evidence fully supports their finding and conclusion that there was not.

The judgment appealed from is affirmed.